UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RANDLE, | No. 2:19-cv-2615-EFB P |
| Plaintiff, | |
| v. | ORDER |
| PATRICK COVELLO, Warden, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, seeks leave to proceed in forma pauperis. ECF No. 2.

Application to Proceed In Forma Pauperis

Plaintiff's applications makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

Screening Requirements

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

1  A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

2  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th

3  Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

4  meritless legal theories or whose factual contentions are clearly baseless." *Jackson v. Arizona*,

5  885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), *superseded by statute*

6  *on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Neitzke*, 490

7  U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded,

8  has an arguable legal and factual basis. *Id.*

9  "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

10  claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

11  what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S.

12  544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

13  However, in order to survive dismissal for failure to state a claim, a complaint must contain more

14  than "a formulaic recitation of the elements of a cause of action;" it must contain factual

15  allegations sufficient "to raise a right to relief above the speculative level." *Id.* (citations

16  omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that

17  merely creates a suspicion [of] a legally cognizable right of action." *Id.* (alteration in original)

18  (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216 (3d

19  ed. 2004)).

20  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

21  relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

22  *Corp.*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content

23  that allows the court to draw the reasonable inference that the defendant is liable for the

24  misconduct alleged." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 556). In reviewing a complaint

25  under this standard, the court must accept as true the allegations of the complaint in question,

26  *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), as well as construe the pleading

27  in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v.*

28  *McKeithen*, 395 U.S. 411, 421 (1969).

2

According to the complaint, plaintiff was placed in administrative segregation for an unspecified duration of time pending an investigation into whether he had stolen a tool at his prison job. ECF No. 1 at 3. He claims the allegation against him was false and that he was never charged with a rules violation. *Id.* Nevertheless, plaintiff lost his prison job and defendant Molle will not rehire him, purportedly because plaintiff was involved in an incident that compromised the safety and security of the facility. *Id.* Plaintiff, an African American, claims he was a victim of racism and also denied due process. As discussed below, plaintiff's complaint cannot survive screening.

First, plaintiff fails to state an equal protection claim because there is no specific allegation that defendant Molle (or any other individual) fired, refused to rehire, or placed plaintiff in administrative segregation because of plaintiff's race. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005).

Second, plaintiff fails to state a due process claim because he does not have a property or liberty interest in a prison job that is protected by the Due Process Clause. *Walker v. Gomez*, 370 F.3d 969, 973 (9th Cir. 2004); *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1997). The court notes that in a prison setting, a liberty interest is recognized and protected where the conditions of confinement impose a hardship that is atypical and significant in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 485 (1995). However, plaintiff has not alleged that his conditions of confinement resulted in such a hardship.

Leave to Amend

Plaintiff's complaint is dismissed with leave to amend. If plaintiff chooses to file an amended complaint it should observe the following:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). The complaint should also describe,

1 in sufficient detail, how each defendant personally violated or participated in the violation of his

2 rights. The court will not infer the existence of allegations that have not been explicitly set forth

3 in the amended complaint.

4 The amended complaint must contain a caption including the names of all defendants.

5 Fed. R. Civ. P. 10(a).

6 Plaintiff may not change the nature of this suit by alleging new, unrelated claims. See

7 *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

8 Any amended complaint must be written or typed so that it so that it is complete in itself

9 without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended

10 complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

11 earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114

12 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

13 being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

14 1967)).

15 Finally, the court notes that any amended complaint should be as concise as possible in

16 fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of

17 procedural or factual background which has no bearing on his legal claims.

18 Conclusion

19 Accordingly, IT IS HEREBY ORDERED that

20     1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;

21     2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected

22        in accordance with the notice to the California Department of Corrections and

23        Rehabilitation filed concurrently herewith;

24     3. Plaintiff's complaint is dismissed with leave to amend within 30 days from the

25        date of service of this order; and

26 /////

27 /////

28 /////

4

1     4.  Failure to comply with this order may result in dismissal of this action.

2   DATED:  April 8, 2020.

3                                              _____

4                                              EDMUND F. BRENNAN
                                               UNITED STATES MAGISTRATE JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28