UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RANDLE,<br><br>    Plaintiff,<br><br>    v.<br><br>PATRICK COVELLO, Warden, et al.,<br><br>    Defendants. | No. 2:19-cv-2615-EFB P<br><br>ORDER SCREENING AMENDED COMPLAINT |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. The court previously screened plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a) and dismissed it with leave to amend. ECF No. 7. Now before the court for screening is plaintiff's amended complaint. ECF No. 10.

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

/////

/////

The amended complaint alleges that despite perfect work attendance, plaintiff was placed in administrative segregation for seven days and lost his prison job after being accused in a confidential memo of stealing a tool from work. ECF No. 10 at 3. Plaintiff alleges that the accusation was "fabricated and malicious, used to justify firing [him] . . . [and] done with a racially charged intent." *Id.* Plaintiff's inmate appeal on this issue was granted and he was never charged with a rule violation. *Id.* at 3-4. As relief, the California Department of Corrections and Rehabilitation ordered Mule Creek State Prison to restore plaintiff's job and to provide him with the confidential information accusing him of theft. *Id.* at 3. But according to plaintiff he has yet to receive this relief. Defendant Molle allegedly refused to rehire plaintiff, writing that plaintiff would be assaulted if he returned to work. *Id.* at 4. Plaintiff claims that Molle wrote this with "malicious intent and meant to intimidate [him]." *Id.* at 4. Plaintiff, an African American, claims in a conclusory manner that he was a victim of racial discrimination in violation of his right to equal protection. As discussed below, plaintiff's amended complaint cannot survive screening.

Like the original complaint, plaintiff fails to state an equal protection claim. While plaintiff alleges that his supervisor, defendant Teixeira, is racist against African Americans, he does not allege that Teixeira had anything to do with plaintiff's placement in administrative segregation or the loss of his job. And while plaintiff alleges that defendant Molle will not rehire him, plaintiff does not allege that race played any role in Molle's decision. In short, the complaint cannot survive screening because there is no specific allegation that either of the two defendants – Molle or Teixeira – fired, refused to rehire, or placed plaintiff in administrative segregation because of plaintiff's race. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005).

Plaintiff's amended complaint is dismissed with leave to amend. Plaintiff is reminded that in any amended complaint he may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007). Nor may he bring multiple, unrelated claims against more than one defendant. *Id.*

Further, any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an

amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Accordingly, it is ORDERED that:

1. Plaintiff's amended complaint (ECF No. 10) is dismissed with leave to amend within 30 days from the date of service of this order; and
2. Failure to file an amended complaint that complies with this order may result in the dismissal of this action for the reasons stated herein.

DATED: April 28, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3