UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES WESLEY RANDLE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>A. TEIXEIRA, *et al.*,<br><br>　　　　Defendants. | Case No. 2:19-cv-02615-JAM-JDP (PC)<br><br>FINDINGS AND RECOMMENDATIONS THAT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BE GRANTED<br><br>ECF No. 31 |

Plaintiff alleges that two employees of the California Prison Industry Authority ("CalPIA") violated his Fourteenth Amendment equal protection rights by discriminating against him based on his race. He alleges that one defendant, Teixeira, falsely accused him of stealing a tool to facilitate firing him and placing him in administrative segregation. Although he was exonerated of the theft, plaintiff claims that defendant Molle refused to give him his job back. Defendants move for summary judgment, arguing that plaintiff failed to exhaust his administrative remedies before bringing suit. I recommend granting defendants' motion.

**Background**

On April 3, 2019, defendants, who were CalPIA supervisors, removed plaintiff from his job because he was suspected of stealing a tool. As a result, the prison placed plaintiff in the administrative segregation unit ("ASU"). On April 9, plaintiff was released from the ASU

1

because there was insufficient evidence to charge him with the theft. Plaintiff filed several grievances related to this incident, only one of which was fully exhausted.

In the fully exhausted grievance, log number MCSP-A-19-01421, plaintiff stated that he was wrongly placed in the ASU; he requested that he be reinstated at CalPIA with back pay. ECF No. 31-3 at 12. The first-level reviewer granted the grievance in part, explaining that plaintiff had already been released from the ASU and had had his pre-ASU program status restored in light of an administrative reviewer's determination that there was insufficient evidence to support the theft charge. *Id.* at 16. The reviewer denied his requests for reinstatement and back pay on the grounds that CalPIA retains the sole authority to rehire inmates and distribute back pay. *Id.* at 21. Plaintiff appealed, again requesting back pay and reinstatement. *Id.* at 13. The second-level reviewer denied his requests and explained that the reviewer was only authorized to return him to the CalPIA waitlist. *Id.* at 25. Plaintiff appealed again and stated:

> [Plaintiff's] argument then as well as now is racism, as an African American prisoner. I violated no rule. . . . [W]hite and Hispanic prisoners w[ith] drug charges are already back at work, while I was assigned the most disgusting inferior job of wiping tables in the chow hall and laughed at by CDCR officials as justification to cover up the racially [discriminatory] way I've been [treated].

*Id.* at 13-15.

He also stated that "Mr. K. Molle addressed my 1st level of CDCR 22. Mr. K Molle also addressed the supervisor's review. How is that fair [and] equal treatment?" *Id.* at 15. The third-level reviewer granted plaintiff's appeal on procedural grounds, explaining that the confidential document relied upon to place him in the ASU was not in his file, and noting that he had been returned to the CalPIA waitlist. *Id.* at 10-11. The reviewer did not acknowledge his allegation of racial discrimination. *Id.*

**Legal Standards**

**A.    Summary Judgment**

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Washington*

2

1  *Mutual Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011).  An issue of fact is genuine
2  only if there is sufficient evidence for a reasonable fact-finder to find for the non-moving party,
3  while a fact is material if it "might affect the outcome of the suit under the governing law."
4  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computs., Inc.*, 818
5  F.2d 1422, 1436 (9th Cir. 1987).

6        Each party's position must be supported by (1) citations to particular portions of materials
7  in the record, including but not limited to depositions, documents, declarations, or discovery; or
8  (2) argument showing either that the materials cited do not establish the presence or absence of a
9  genuine factual dispute or that the opposing party cannot produce admissible evidence to support
10 its position. *See* Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).  The court may consider
11 materials in the record not cited by the parties, but it is not required to do so.  *See* Fed. R. Civ. P.
12 56(c)(3); *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *see*
13 *also Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

14       "The moving party initially bears the burden of proving the absence of a genuine issue of
15 material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  To meet its burden, "the
16 moving party must either produce evidence negating an essential element of the nonmoving
17 party's claim or defense or show that the nonmoving party does not have enough evidence of an
18 essential element to carry its ultimate burden of persuasion at trial."  *Nissan Fire & Marine Ins.*
19 *Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  If the moving party meets this
20 initial burden, the burden then shifts to the non-moving party "to designate specific facts
21 demonstrating the existence of genuine issues for trial."  *In re Oracle Corp. Sec. Litig.*, 627 F.3d
22 376, 387 (citing *Celotex Corp.*, 477 U.S. at 323).  The non-moving party must "show more than
23 the mere existence of a scintilla of evidence."  *Id.* (citing *Anderson*, 477 U.S. 252).  However, the
24 non-moving party is not required to establish a material issue of fact conclusively in its favor; it is
25 sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the
26 parties' differing versions of the truth at trial."  *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors*
27 *Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987).

28       The court must apply standards consistent with Rule 56 to determine whether the moving

party has demonstrated there to be no genuine issue of material fact and that judgment is appropriate as a matter of law. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). "[A] court ruling on a motion for summary judgment may not engage in credibility determinations or the weighing of evidence." *Manley v. Rowley*, 847 F.3d 705, 711 (9th Cir. 2017) (citation omitted). The evidence must be viewed "in the light most favorable to the nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002); *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

### B. Exhaustion Requirements

Under the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This statutory exhaustion requirement "applies to all inmate suits about prison life," *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001). Unexhausted claims require dismissal. *See Jones v. Bock*, 549 U.S. 199, 211 (2007).

A prison's own grievance process, not the PLRA, determines how detailed a grievance must be to satisfy the PLRA exhaustion requirement. *Id.* at 218. When a prison's grievance procedures do not specify the requisite level of detail, "a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) (internal quotation marks omitted). "The grievance 'need not include legal terminology or legal theories,' because '[t]he primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation.'" *Reyes v. Smith*, 810 F.3d 654, 659 (9th Cir. 2016) (quoting *Griffin*, 557 F.3d at 1120).

The PLRA recognizes no exception to the exhaustion requirement, and the court may not recognize a new exception, even in "special circumstances." *Ross v. Blake*, 578, U.S. 632, 648 (2016). The one significant qualifier is that "the remedies must indeed be 'available' to the

4

prisoner." *Id.* at 639. The Supreme Court has explained when an administrative procedure is unavailable:

> [A]n administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates . . . . Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use . . . . And finally, the same is true when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation . . . . [S]uch interference with an inmate's pursuit of relief renders the administrative process unavailable. And then, once again, § 1997e(a) poses no bar.

*Id.* at 643-44 (citations omitted); *see also Andres v. Marshall*, 867 F.3d 1076, 1079 (9th Cir. 2017) ("When prison officials improperly fail to process a prisoner's grievance, the prisoner is deemed to have exhausted available administrative remedies.").

If the court concludes that plaintiff has failed to exhaust available remedies, the proper remedy is dismissal without prejudice of the portions of the complaint barred by § 1997e(a). *See Jones*, 549 U.S. at 223-24; *Lira v. Herrera*, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

**Analysis**

Plaintiff filed five grievances concerning his termination from CalPIA, only one of which was fully exhausted: MCSP-A-19-01421. That grievance did not allege racial discrimination or any actions by either defendant. However, in his appeal to the second-level review, he separately mentioned defendant Molle and racial discrimination. He never mentioned defendant Teixeira. Nowhere in the grievance or appeals did he state that either defendant fired him, refused to rehire him, or placed him in the ASU because of his race. He included only a vague allegation that he was wrongfully accused of stealing a tool from CalPIA and thereafter was placed in the ASU.

For remedies to be fully exhausted, an appeal must "alert the prison to a problem and facilitate its resolution." *Griffin*, 557 F.3d at 1120 (concluding that a prisoner's grievance cannot serve to exhaust administrative remedies where it fails to "'alert[ ] the prison to the nature of the wrong for which redress is sought'") (citation omitted); *see also Sapp v. Kimbrell*, 623 F.3d 813, 824 (9th Cir. 2010) (holding that a grievance provides sufficient notice so long as "it alerts the prison to the nature of the wrong for which redress is sought"). Plaintiff's grievance did not provide adequate notice to prison officials of the issues in this suit because it did not complain of

5

1  racial discrimination by either defendant. *See, e.g.*, *Jones v. Lowder*, No. 1:16-cv-01911-AWI-
2  SAB-PC, 2019 WL 1870457, at *3 (E.D. Cal. Apr. 18, 2018) (holding that a grievance
3  complaining of a false rules violation report was inadequate to put prison officials on notice
4  before an equal protection lawsuit because it did not complain of racial discrimination).

5        Plaintiff first mentioned racial discrimination in his appeal to the second-level review.
6  However, plaintiff needed to raise his equal protection claim in his initial grievance; a claim is not
7  exhausted if it is first raised in a response to an initial-level decision. *See* Cal. Code Regs. tit. 15,
8  § 3084.1 ("Administrative remedies shall not be considered exhausted relative to any new issue,
9  information, or person later named by the appellant that was not included in the originally
10 submitted CDCR Form 602."); *Sapp*, 623 F.3d at 825 ("[A]n inmate must first present a
11 complaint at the first level of the administrative process."); *Avery v. Virga*, No. 2:11-CV-1945-
12 KJM-EFB-P, 2016 WL 3548799, at *8 (E.D. Cal. June 24, 2016) (noting that a plaintiff does not
13 exhaust his administrative remedies by addressing a new claim at the second or third level of
14 review).

15       Plaintiff filed four additional grievances relating to his termination. On April 8, 2019, he
16 submitted grievance log number MCSP-A-19-01466, which was rejected because it concerned
17 "an anticipated action or decision" from grievance MCSP-A-19-01421. ECF No. 31-4 at 27-28.
18 On April 10, he submitted grievance log number MCSP-A-19-01525; that grievance was rejected
19 because plaintiff had exceeded the number of allowable appeals within a fourteen-day period. *Id.*
20 at 34-35. And grievance log number MCSP-A-19-02167, filed on May 23, 2019, was rejected
21 because it concerned "an anticipated action or decision" from grievance MCSP-A-19-01421. *Id.*
22 at 45-46. In addition, plaintiff filed grievance log number MCSP-21-35 in July 2021, which was
23 well after he commenced this action in December 2019. ECF Nos. 1, 43 at 47.

24       Those grievances also fail to exhaust his administrative remedies. Grievances MCSP-A-
25 19-01466 and MCSP-A-19-02167 were properly screened out at the first level of review because
26 they dealt with the same issue as grievance MCSP-A-19-01421, and neither mentioned racial
27 discrimination or an equal protection violation. Grievance MCSP-A-19-01525, which did
28 mention racial discrimination, was rejected because plaintiff had exceeded the number of

1 allowable grievances in the fourteen-day period.  Plaintiff could have resubmitted that grievance

2 after fourteen days, but he did not, and he does not allege that he was specifically prevented from

3 doing so.  Finally, MCSP-21-35 was filed after plaintiff commenced this action.  Consequently,

4 that grievance could not have exhausted the equal protection claim asserted in the complaint.  *See*

5 *Ross*, 578 U.S. at 638-39 (holding that a plaintiff must fully exhaust his or her available

6 administrative remedies prior to commencing an action).

7 Nevertheless, plaintiff appears to argue that his administrative remedies were unavailable

8 because the prison "thwarted and rejected [his appeals] for no substantive reason."  ECF No. at

9 13.  But that statement is too vague to meet the level of detail required for exhaustion.  *See*

10 *Jeffries v. Fields*, No. CV 12-1351 R JC, 2014 WL 994908, at *18 (C.D. Cal. Mar. 10, 2014)

11 (finding that conclusory assertions that prison officials "obstructed the remedy process" is

12 "insufficient to demonstrate that any failure to exhaust was excused due to misconduct by prison

13 officials").  Further, plaintiff has demonstrated an ability to file several grievances and exhaust at

14 least one.

15 Lastly, plaintiff claims that defendants' motion should be denied because he has been

16 unable to conduct discovery.  ECF No. 43 at 6-10.  But in its December 29, 2021, order, the court

17 stayed merits-based discovery pending the outcome of defendants' exhaustion motion.  ECF No.

18 47.  The Court of Appeals has expressly allowed courts to delay merits-based discovery pending

19 resolution of an exhaustion motion.  *See Albino v. Baca*, 747 F.3d 1162, 1170-71 (9th Cir. 2014).

20 Because the court recommends granting defendants' exhaustion motion, there is no need for

21 additional discovery.

22 Accordingly, it is hereby RECOMMENDED that:

23 1. Defendants' motion for summary judgment, ECF No. 31, be granted, and plaintiff's

24 claims against them be dismissed without prejudice and

25 2. the Clerk of Court be directed to close the case.

26 I submit these findings and recommendations to the district judge under 28 U.S.C.

27 § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court,

28 Eastern District of California.  The parties may, within 14 days of the service of the findings and

7

recommendations, file written objections to the findings and recommendations with the court. Such objections should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   April 12, 2022                                    ␣␣␣␣␣␣␣␣/s/ Jeremy Peterson␣␣␣␣␣␣␣
                                                          JEREMY D. PETERSON
                                                          UNITED STATES MAGISTRATE JUDGE